(May 9, 1912.)

E. A. McCARTY, Respondent, v. M. LOWRY and R. W. LOWRY, Appellants.

[123 Pac. 943.]

ACTION ON PROMISSORY NOTE—PURCHASER—CONSIDERATION—VERDICT—SUFFICIENCY OF EVIDENCE TO SUSTAIN.

· (Syllabus by the court.)

1.   *Held,* that the evidence is amply sufficient to support the verdict.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. N. Dunn, Judge.

Action to recover on promissory note.   Judgment for plaintiff.   *Affirmed.*

C. L. Heitman, for Appellants, cites no authorities on points decided.

Whitla & Nelson, for Respondent.

"Where one about to trade for a note not yet due went to the maker and asked him if he had any defense to it, and the maker replied that the note was 'all right,' and the first person thereupon traded for the note,—in an action upon it against the maker, he will be estopped to defend upon facts which existed at the time the admission was made." (*Brooks v. Martin,* 43 Ala. 360, 94 Am. Dec. 686.)

Such a declaration and admission in reference to it by the maker was the highest possible recommendation of its marketable value. (*Rose v. Teeple,* 16 Ind. 37, 79 Am. Dec. 403; *Mottison's Admr. v. Beckwith,* 4 T. B. Mon. (Ky.) 73, 16 Am. Dec. 136.)

"If an obligor induces a person to take an assignment of his note or bond by admitting the justice of the debt, or declaring that he has no defense, he cannot afterward deny it to the prejudice of the assignee." (*Weaver v. Lynch,* 25 Pa. 449, 64 Am. Dec. 713; *Lane v. Lockridge* (Ky.), 48 S. W. 975; *Gaines v. Deposit Bank of Frankfort,* (Ky.), 39 S. W. 439; *Krathwohl v. Dawson,* 140 Ind. 1, 38 N. E. 467, 39 N. E. 496; *Tichenor v. Owensboro Sav. B. & T. Co.,* 113 Ky. 275, 68 S. W. 127; *Blades v. Newman* (Ky.), 43 S. W. 176.)

SULLIVAN, J.—At the October, 1911, term of this court at Lewiston, motions to strike out the statement on motion for a new trial and to dismiss the appeal herein were granted. Thereafter a petition for rehearing was filed and permission granted to submit argument on the question as to whether the petition presented grounds upon which a rehearing could be granted. When the case was called for argument at the March, 1912, term at Lewiston, the court concluded to permit counsel to again argue the motions and also to argue the case upon its merits, and the court has concluded not to pass upon the motions, and will decide the case upon its merits.

This action was brought on two certain promissory notes for $300 each, executed by the defendants. It is alleged in the complaint that W. H. Hurt, for a good and valuable consideration, sold and transferred said notes to the plaintiff before they became due him. The answer admitted the execution of the notes, but denied that they were executed for a good and valuable consideration, and also denied that said notes were sold and transferred to the plaintiff before maturity.

Upon the issues thus made the action was tried by the court with a jury and verdict rendered for the amount due on said notes and $75 attorney's fee. A motion for a new trial was made and overruled and this appeal is from the judgment and order denying a new trial.

A number of errors are assigned in regard to the admission and rejection of evidence and in regard to the giving and refusing to give certain instructions. The main point to be decided, however, on this appeal is whether respondent was a *bona fide* purchaser of said notes for a valuable consideration before maturity. It appears from the evidence that the payee of said notes, or someone for him, offered to sell the notes to plaintiff, and that the plaintiff thereafter met Lowry, one of the makers, and informed him that he was thinking of purchasing said notes, and wanted to know whether they were all right, and the defendant Lowry replied, ''Those notes of mine are all right,'' and plaintiff said, ''They are for quite a sum. Now, if this enterprise or whatever you think of embarking in happened to turn out—would not be successful, how would it be about meeting the obligations?'' And Lowry replied that he owned 160 acres of land and that he had stock and grain enough on said land to pay the notes when they became due and that he would pay the notes. The defendant did not claim in that interview that said notes were not given for a valuable consideration or that he had any defense against them, but informed the plaintiff that he would pay them when they became due.

On an examination of all the evidence in the case, we are satisfied that it is amply sufficient to support the verdict of the jury.

We have examined the other errors assigned and find no error in the record that would justify a reversal of the judgment. The judgment is therefore affirmed, with costs in favor of respondent.

Stewart, C. J., and Ailshie, J., concur.